**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TERRI L. BEAUMONT, | CIVIL ACTION |
| Plaintiff, | Case No. 2:16-cv-0378-AJS |
| v. | |
| FAY SERVICING, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant, Fay Servicing, LLC ("Fay Servicing"), submits this Memorandum of Law in support of its motion to dismiss the Complaint for failure to state claims upon which relief can be granted.

**I.     INTRODUCTION**

In this action, Plaintiff, Terri L. Beaumont ("Plaintiff"), filed a Complaint seeking damages against her mortgage servicer, Fay Servicing, for purported violations of (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and (2) the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Because Plaintiff fails to state a claim against Fay Servicing for violation of either statute, the Court should dismiss the entire Complaint with prejudice.

In Count I, Plaintiff claims that Fay Servicing violated the FDCPA by allegedly failing to issue a "debt validation notice" during either the parties' initial telephone call, or in a subsequent writing within five days of that initial call. Count I fails as a matter of law because the FDCPA does not apply to Fay Servicing. That Act applies only to "debt collectors," and not mortgagees

or mortgage servicers, such as Fay Servicing. Thus, the Complaint states no viable claim for relief under the FDCPA.

In Count II, Plaintiff alleges that Fay Servicing violated the FCRA by reporting a $299,400 mortgage balance and the initiation of a foreclosure to Equifax and TransUnion. Count II fails as a matter of law because Plaintiff fails to state what, if anything, was incorrect regarding Fay Servicing's reporting of her mortgage loan. Further, Plaintiff has failed to plead that she complied with the specific, statutory procedure for investigating and disputing credit information under the FCRA. Absent compliance with those procedures, there is no claim under the FCRA against a furnisher of credit reporting information as a matter of law. The Court should therefore dismiss Count II of Plaintiff's Complaint.

## II.     **FACTUAL BACKGROUND**

The Complaint contains only threadbare allegations. According to the Complaint, Fay Servicing contacted Plaintiff on December 8, 2015, via telephone. (See Compl. ¶ 3.) Plaintiff contends that during that telephone call, Fay Servicing failed to provide Plaintiff with a debt validation notice pursuant to Section 809 of the FDCPA. (See id. ¶ 4.) Plaintiff also alleges that Fay Servicing failed, within five days of that initial call, to send Plaintiff a written debt validation notice. (See id. ¶ 5.)

Plaintiff contends that Fay Servicing reported derogatory information to Equifax on February 1, 2016, claiming that $299,400 was due on the Plaintiff's mortgage loan and that a foreclosure had been initiated. (See id. ¶ 6.) Plaintiff also contends that on March 10, 2016, Fay Financial (which Plaintiff alleges is a subsidiary of Fay Servicing) reported similar credit information to TransUnion. (See id. ¶ 7.) Plaintiff fails to allege how, if at all, this information was incorrect.

Based on these allegations, Plaintiff alleges that Fay Servicing violated the FDCPA and FCRA. This motion follows.

### III. ARGUMENT

#### A. Legal Standard Under Fed. R. Civ. 12(b)(6).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." A complaint must be dismissed if it does not contain "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." (Id. at 555.) Further, a complaint must contain more than unsupported legal conclusions. (Id.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (Id.) A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must plead more than the mere possibility of relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). If the complaint permits only an inference of the mere possibility of misconduct, it must be dismissed. Id. at 210–11.

#### B. The Complaint Fails to State an FDCPA Claim.

Count I fails as a matter of law because the FDCPA does not apply to Fay Servicing. It is well-settled that the FDCPA applies only to "debt collectors," meaning those who engage in the collection of debts on behalf of others (*i.e.*, third-party debt collectors). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails

in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA specifically excludes from the definition of "debt collector" a creditor collecting on a debt that the creditor originated. See 15 U.S.C. §§ 1692a(4) and 1692a(6)(F). Therefore, the Third Circuit has recognized that the FDCPA does not apply to creditors seeking to collect their own debts. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 403 (3d. Cir. 2000). "Creditors – as opposed to 'debt collectors' – generally are not subject to the FDCPA." Id. See also O'Connor v. First Alliance Home Mortg., 2012 WL 762351 at *3 (D.N.J. March 6, 2012) (dismissing FDCPA claim against originating creditor); and Levy-Tatum v. Navient, 2016 WL 75231, at *7 (E.D.Pa. January 7, 2016) (dismissing plaintiff's complaint which failed to include any factual assertions to establish that Navient is a debt collector within the meaning of the FDCPA).

Numerous courts, including this one, have held that mortgage lenders and mortgage servicing companies are generally not debt collectors under the FDCPA. See Owens v. JP Morgan Chase Bank, 2013 WL 2033149, at * 3-4 (W.D. Pa. May 14, 2013) ("when a mortgage-servicing company is servicing a current payment plan rather than demanding payment on a defaulted loan, the mortgage servicer is not subject to the FDCPA."), citing Conklin v. Purcell, Krug & Haller, 2007 WL 404047, at *5 (M.D.Pa. Feb.1, 2007). See also, Duraney v. Washington Mut. Bank F.A., 2008 WL 4204821, at *12 (W.D. Pa. Sept. 11, 2008); Scott v. Wells Fargo Home Mortgage, Inc., 326 F. Supp. 2d 709, 717-18 (E.D. Va.), aff'd. mem., 67 Fed. Appx. 238 (4th Cir. 2003) (mortgage lenders are not debt collectors); Oldroyd v. Associates Consumer Discount Co., 863 F. Supp. 237, 241 (E.D. Pa. 1994) (same); see also Spyer v. Navient Solutions, Inc., 2016 WL 1046789, *3 (D.N.J. March 15, 2016) (noting that the

servicers of residential mortgages are not "debt collectors" under the FDCPA if the loan in question is not in default when acquired by the servicer); Jenkins v. BAC Home Loan Servicing, L.P., 822 F. Supp. 2d 1369, 1374 (M.D. Ga. 2011) ("[i]t is well-established that mortgage servicers do not fall within the definition of debt collector"); Hennington v. Greenpoint Mortg. Funding, Inc., 2009 WL 1372961, at *6 (N.D. Ga. May 15, 2009) ("[i]t is well established that the FDCPA applies only to 'debt collectors' and not to creditors or mortgage servicers."); Humphrey v. Washington Mut. Bank, F.A., 2007 WL 1630639, at *2 (N.D. Ga. June 1, 2007); Somin v. Total Community Mgmt. Corp., 494 F. Supp. 2d 153, 160 (E.D.N.Y. 2007); Oates v. Wells Fargo Bank, N.A., 880 F. Supp. 2d 620, 626 (E.D. Pa. 2012) (noting plaintiff's agreement that claims against mortgage lender were not subject to FDCPA and consequently dismissing plaintiff's FDCPA claim).

This Court's decision in Owens is instructive. In Owens, the plaintiff alleged in only conclusory terms that the defendant mortgage servicer was a "debt collector" under the FDCPA. Owens, 2013 WL 2033149, at * 4. There were no allegations that the mortgage debt was in default at the time the defendant became the loan servicer. Id. Consequently, the Court concluded that the complaint failed to state a claim for violation of the FDCPA. Id., citing Taggart v. Wells Fargo Mortg. Inc., 2012 WL 4462787, at *4 (E.D.Pa. Sept. 27, 2012) (where plaintiff failed to allege that the mortgage was in default at the time the servicer obtained the servicing rights, the servicer was not a debt collector and the FDCPA was inapplicable); Jobe v. Bank of America, N.A., 2012 WL 7849939, at *7 (M.D.Pa. April 20, 2012) (plaintiff failed to allege that his mortgage was in default at the time the servicer obtained the servicing rights and pled the mortgage was current, therefore the FDCPA was inapplicable to servicer); Jones v. Select Portfolio Servicing, Inc., 2008 WL 1820935, at *7 (E.D.Pa. April 22, 2008) (plaintiff

supplied "no allegation that the mortgage at issue was in default" at the time defendant obtained servicing rights, therefore the claim under the FDCPA was dismissed).

As in <u>Owens</u>, the Complaint here does not establish that Fay Servicing was a "debt collector" subject to the FDCPA in connection with the activity at issue. Plaintiff has not pleaded any facts to demonstrate that Fay Servicing was a debt collector by trade, and all of the factual allegations lead only to the conclusion that Fay Servicing was acting as a mortgage servicer. Therefore, the Complaint fails to plead that the FDCPA applies, and Count I fails as a matter of law.

    **C.**    **<u>The Complaint Fails to Plead an FCRA Claim.</u>**

Count II, which purports to state a claim for violation of the FCRA, also fails as a matter of law. First, Plaintiff does not even state what about Fay Servicing's credit reporting was inaccurate. Plaintiff merely states that Fay Servicing reported to both Equifax and TransUnion that the account had a $299,400 balance and that a foreclosure was initiated. Plaintiff fails to state what about this reporting was inaccurate, if anything. Count II fails for this reason alone.

Count II also fails because Plaintiff fails to plead that she complied with the statutory procedures necessary to trigger a furnisher's liability under the FCRA. Under the act, a consumer who disputes information contained in a credit report must notify a consumer reporting agency ("CRA".) Following notice, the CRA may notify the furnisher of the information that the information is in dispute, which the furnisher may then investigate and correct the information (if appropriate) within the statutory time period. <u>See</u> 15 U.S.C. § 1681i(a)(2); <u>Taggart v. Wells Fargo Home Mortg., Inc.</u>, 2010 WL 3769091 (E.D. Pa. Sept. 27, 2010). A consumer has no private right of action under the FCRA against a furnisher unless and until the furnisher fails to

satisfy an obligation under the act following notice by a CRA.  See, e.g., Lawrence v. Trans Union LLC, 296 F. Supp. 2d 582, 587 (E.D. Pa. 2003).

Likewise, a consumer must establish that any damages allegedly incurred by the disputed information were caused by the furnisher's violation of the act.  See 15 U.S.C. § 1681n (consumer may recover actual damages incurred "*as a result of* the failure" to comply with the furnisher's obligation to investigate) (emphasis added); Philbin v. Trans Union Corp., 101 F.3d 957, 966 (3d Cir. 1996) ("FCRA plaintiff must prove causation by a preponderance of the evidence").  Therefore, a furnisher cannot be liable for, and a consumer may not recover, any damages suffered by the consumer *prior* to exhausting this statutory dispute and investigation process.  See, e.g., Bach v. First Union Nat'l. Bank, 149 F. App'x 354, 362 n.1 (6th Cir. 2005); Hariton v. Chase Auto Fin. Corp., 2010 WL 3075609 (C.D.Cal. Aug. 4, 2010); Rambarran v. Bank of America, N.A., 609 F. Supp. 2d 1253, 1262-63 (S.D. Fl. 2009); Ferrarelli v. Federated Fin. Corp. of Am., No. 07-685, 2009 WL 116972, at *4 (S.D. Ohio Jan. 16, 2009); Johnson v. Wells Fargo Home Mortg., Inc., 558 F. Supp. 2d 1114, 1135-36 (D. Nev. 2008); Garrett v. Trans Union, L.L.C., No. 04-582, 2006 WL 2850499, at *16 (S.D. Ohio Sept. 29, 2006).

Plaintiff's disagreement with Fay Servicing's reporting of her mortgage loan does not by itself create a viable FCRA claim.  Rather, notably missing from Count II are any allegations that she complied with the statutory procedures set forth in § 1681s-2(b) of the FCRA.  In addition to failing to explain why Fay Servicing's reporting was incorrect, Plaintiff fails to identify any disputes she made to a CRA, when such disputes were made, or to which CRAs they were directed.  Plaintiff also fails to allege any facts showing that NSI wrongfully verified inaccurate information, that NSI continued to report inaccurate information, or that Plaintiff was damaged

as a result. These allegations fall far short of stating a viable FCRA claim. Therefore, Count II fails as a matter of law and the Court should dismiss it.

## IV. **CONCLUSION**

Plaintiff's Complaint fails to state a claim against Fay Servicing for violation of either the FDCPA or the FCRA. Accordingly, the Court should dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

/s/ Andrew K. Stutzman
Andrew K. Stutzman, Esquire
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Phone: (215) 564-8000
E-mail: astutzman@stradley.com

*Attorneys for Defendant,*
*Fay Servicing, LLC*

Dated: May 17, 2016