IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRI L. BEAUMONT, : | CIVIL ACTION |
| Plaintiff, : | Case No. 2:16-cv-0378-AJS |
| v. : | |
| FAY SERVICING, : | |
| Defendant. : | |

**REPLY BRIEF IN FURTHER SUPPORT OF**
**MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant, Fay Servicing, LLC ("Fay Servicing"), submits this Reply Brief in further support of its Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss") for failure to state claims upon which relief can be granted.

**I.** **Introduction**

Plaintiff, Terri L. Beaumont ("Plaintiff"), filed her Complaint seeking damages against her mortgage servicer, Fay Servicing, for purported violations of (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and (2) the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). In Count I, Plaintiff claims that Fay Servicing violated the FDCPA by allegedly failing to issue a "debt validation notice" during either the parties' initial telephone call, or in a subsequent writing within five days of that initial call. In Count II, Plaintiff alleges that Fay Servicing violated the FCRA by reporting a $299,400 mortgage balance and the initiation of a foreclosure to Equifax and TransUnion. No exhibits were attached to the Complaint.

Fay Servicing filed its Motion to Dismiss because the Complaint fails to state claims upon which relief can be granted. Count I fails as a matter of law because the FDCPA does not apply to Fay Servicing. That Act applies only to "debt collectors," and not mortgagees or mortgage servicers. Count II fails as a matter of law because Plaintiff fails to state what, if anything, was incorrect regarding Fay Servicing's reporting of her mortgage loan. Further, Plaintiff has failed to plead that she complied with the specific, statutory procedure for investigating and disputing credit information under the FCRA.

In response, Plaintiff has filed an Opposition that asserts additional facts, new arguments, and attaches several new exhibits. As set forth below, the Court should disregard these new factual allegations, arguments and exhibits because they constitute an improper attempt to amend the Complaint. Even if the Court did consider these allegations and exhibits, they do not remedy the deficiencies in Plaintiff's claims, which would still fail as a matter of law.

## II. The Court Should Disregard the Additional Allegations, Arguments, and Exhibits in Plaintiff's Opposition.

In her Opposition to the Motion to Dismiss, Plaintiff includes many new allegations that appear nowhere in the Complaint. Among other things, she identifies what she claims are discrepancies in two Bank of America mortgage assignments, and the dismissal of a prior foreclosure action, to support her claims. (See Plaintiff's Opposition, ¶¶ 1, 6-8.) She also attaches new exhibits, including a copy of a Joint Stipulation of Dismissal, several mortgage assignments, and a letter to the Court of Common Pleas of Beaufort County, South Carolina. (See Exhibits A, D and E to Plaintiff's Opposition.) In support of her FCRA claim, Plaintiff now references four wholly unrelated lawsuits involving Bank of America, and attaches a newspaper article and a summons. (See Exhibit C to Plaintiff's Opposition.) Plaintiff also alleges that Fay

Servicing has admitted that it is a "debt collector," attaching a March 10, 2016 letter. (See Exhibit B to Plaintiff's Opposition.)

None of these new allegations and exhibits should be considered by the Court, and the Court should disregard them. In ruling on a motion to dismiss, the court relies on the complaint, any exhibits attached to the Complaint, and matters of public record. Pension Benefit Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir.1993). The Court should also not consider legal theories asserted for the first time in a brief in opposition to motion to dismiss. Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988). A complaint may not be amended by the briefs in an opposition to a motion to dismiss. Jamel Brockington v. C/O Wishenfsky, No. 3:12-CV-482, 2016 WL 2736078, at *5 (M.. Pa. May 11, 2016)(citing Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173(3d Cir. 1988)). Accordingly, the Court should not consider after-the-fact allegations in determining the sufficiency of Rule 12(b)(6).[1] Id.

Therefore, the Court should not consider Plaintiff's new arguments and exhibits in ruling on the pending Motion to Dismiss.

## III. Plaintiff's New Allegations, Arguments, and Exhibits Do Not Cure the Defects With Plaintiff's Claims.

In Linko v. MDA Capital, Inc., No. 3:14-CV-01331, 2015 WL 1004012, at *4 (M.D. Pa. Mar. 6, 2015), the court dismissed the plaintiff's complaint when the court declined to consider attachments to the plaintiff's opposition to a motion to dismiss. Aside from disregarding the new attachments, which were an improper attempt to amend the Complaint, the court also found that even if attachments were considered, plaintiff failed to allege facts which would amount to a

---

[1] Further, the exhibits attached to Plaintiffs' Opposition are unauthenticated, constitute hearsay, lack foundation, and constitute an improper request for judicial notice.

claim under the FCRA Id. See also Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988)(Circuit Court affirmed dismissal for failure to state claim stating that the court should only look to complaint's averments in deciding motion to dismiss). .

The same analysis applies in this case. Even if the Court considered the new allegations and attachments to the Opposition, they fail to save her claims.

First, with respect to Plaintiff's FDCPA claim, Plaintiff attaches a purported letter from Fay Servicing dated March 10, 2016, to support her argument that the loan was in default and that Fay Servicing was a "debt collector." The letter nowhere states that the loan was in default. Rather, it merely advises plaintiff that Fay Servicing has been trying to reach her, and offers assistance. The letter contains a footer advising Fay Servicing is a debt collector. However, the fact of a disclosure does not mean that the lender or servicer meet the definition of a debt collector under the FDCPA. New-Howard v. JP Morgan Chase Bank N.A., No. 11-CV-2855, 2013 WL 6096232, at *9 (E.D. Pa. Nov. 20, 2013).

Moreover, Plaintiff still has not alleged that the loan was in default at the time Fay Servicing became the loan servicer. Therefore, the Complaint fails to allege sufficient facts to suggest that Fay Servicing was a "debt collector," thus failing to state a claim for violation of the FDCPA. See Owens v. JP Morgan Chase Bank, 2013 WL 2033149, at * 3-4 (W.D. Pa. May 14, 2013)(Court concluded that the complaint failed to state a claim for violation of the FDCPA where there were no allegations that the mortgage debt was in default at the time the defendant became the loan servicer).

Plaintiff's Opposition also fails to save her FCRA claim. Plaintiff has not addressed Fay Servicing's argument that the Complaint fails to allege compliance with the specific statutory procedures necessary to trigger a furnisher's liability under the FCRA. See 15 U.S.C.

§ 1681i(a)(2); Taggart v. Wells Fargo Home Mortg., Inc., 2010 WL 3769091 (E.D. Pa. Sept. 27, 2010).

Moreover, the new exhibits to the Opposition, including references to four unrelated lawsuits involving Bank of America, have no relevance to the viability of any of Plaintiff's claims. Likewise, neither Plaintiff's allegations regarding the Bank of America assignments of mortgage, nor with Exhibits A, D and E attached to Plaintiff's Opposition, support or even relate to Plaintiff's FDCPA and FCRA claims.

Finally, Plaintiff seems to suggest that the defendants lack standing to enforce the mortgage loan against her. Standing is an affirmative defense. Abdul-Rahman v. Chase Home Fin. Co., LLC, No. CIV.A. 13-5320, 2014 WL 3408564, at *7 (E.D. Pa. July 11, 014)(dismissing plaintiff's amended complaint in part including "claim" for standing as it is an affirmative defense) . An affirmative defense is neither an "action" nor a "claim," but rather is a response to an action or claim. National Union Fire Ins. Co. of Pittsburgh, Pa. v. City Sv., F.S.B., 28 F.3d 376, 392 (3d Cir. 1994). There is no cognizable legal theory whereby Plaintiff can take what at best is a defense to a theoretical lawsuit against her, and turn it into the basis for affirmative claims against Fay Servicing. Plaintiff's claims fail for this reason alone.

IV. **CONCLUSION**

For all the foregoing reasons, and those set forth in Fay Servicing's opening brief, the Court should grant Fay Servicing's Motion to Dismiss, and dismiss the Complaint with prejudice.

Respectfully submitted,

/s/Michelle H. Badolato
Andrew K. Stutzman, Esquire
Michelle H. Badolato, Esquire
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Phone: (215) 564-8000
E-mail: astutzman@stradley.com

*Attorneys for Defendant,*
*Fay Servicing, LLC*

Dated: June 7, 2016

## CERTIFICATE OF SERVICE

I, Michelle H. Badolato, hereby certify that on June 7, 2016, a true and correct copy of the Reply Brief In Further Support Of Fay Servicing's Motion To Dismiss Complaint was electronically filed via the Court's ECF system. The foregoing document is available for viewing and downloading from the PACER system.

The foregoing was also served via First Class U.S. Mail, postage pre-paid, upon the following:

>Terri L. Beaumont
>P.O. Box 4
>Darlington, PA 16115
>*Pro Se Plaintiff*

/s/ Michelle H. Badolato
Michelle H. Badolato