# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRI L. BEAUMONT, | CIVIL ACTION |
| Plaintiff, | Case No. 2:16-cv-0378-AJS |
| v. | |
| FAY SERVICING, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
<u>THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant, Fay Servicing, LLC ("Fay Servicing"), submits this Memorandum of Law in support of its motion to dismiss the Amended Complaint for failure to state claims upon which relief can be granted.

**I.     <u>INTRODUCTION</u>**

In this action, Plaintiff, Terri L. Beaumont ("Plaintiff"), filed her initial Complaint seeking damages against her mortgage servicer, Fay Servicing, for purported violations of (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 <u>et seq.</u> ("FDCPA"), and (2) the Fair Credit Reporting Act, 15 U.S.C. § 1681 <u>et seq.</u> ("FCRA").  In response, Fay Servicing filed a Motion to Dismiss the Complaint, which was granted on June 13, 2016, for failure to state a claim upon which relief may be granted.  However, the Court permitted Plaintiff to file an amended complaint.

Thereafter, Plaintiff filed an Amended Verified Complaint ("Amended Complaint") which attempts to add claims, and add her husband, Thomas W. Beaumont as an additional plaintiff.  Plaintiff drops her FCRA claim, but adds claims for invasion of privacy, violation of

Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 P.S. § 201-1, et seq. ("UTPCPL"), and negligent, wanton and/or intentional hiring and supervision of incompetent employees or agents ("Negligent Supervision"). However, Plaintiff's attempt to add a new plaintiff and new causes of action is improper, as the Court's June 13, 2016 Order only permitted the filing of an amended complaint to "fix" her initial Complaint. Specifically, plaintiff was only permitted to file an amended complaint to allege additional facts to support her FDCPA and FCRA claims, and to provide Fay Servicing fair notice of what the claims are and the grounds on which they rest. Further, Plaintiff fails to explain why any of the alleged facts in the Amended Complaint amount to a cause action by Thomas Beaumont. Finally, as set forth below, the new causes of action fail as a matter of law.

In Count I of her Amended Complaint, Plaintiff claims that Fay Servicing violated the FDCPA by allegedly failing to issue a "debt validation notice" writing within five days of an initial call. Count I fails as a matter of law because the FDCPA does not apply to Fay Servicing. That Act applies only to "debt collectors," and not mortgagees or mortgage servicers, such as Fay Servicing. Thus, the Amended Complaint states no viable claim for relief under the FDCPA.

Further, Plaintiff's claims for invasion of privacy, violation of the UTPCPL, and for Negligent Supervision are preempted by FCRA and the economic loss doctrine. Additionally, as to Plaintiff's UTPCPL claim, Plaintiff fails to plead what "deceptive conduct" Fay Servicing engaged in, and fails to plead any ascertainable loss. Plaintiff further fails to plead her UTPCPL claim with specificity as required by the federal rules. As to Plaintiff's Negligent Supervision claim, Plaintiff has failed to allege that how Fay Servicing's employees acted outside the scope of their employment, which employees allegedly acted outside the scope of their employment,

and failed to plead what duty Fay Servicing had, or how Plaintiff was harmed. The Court should therefore dismiss Counts II, III and IV of Plaintiff's Amended Complaint.

## II. FACTUAL BACKGROUND

According to the Amended Complaint, Fay Servicing contacted Plaintiff on December 8, 2015, via telephone, stated that Plaintiff's mortgage had been assigned to Fay Servicing, and offered Plaintiff several options to pay the alleged debt. (See Am. Compl. ¶ 5.) Plaintiff contends that Fay Servicing failed, within five days of that initial call, to send Plaintiff a written debt validation notice. (See id.) Plaintiff also alleges that Fay Servicing violated Section 807 of the FDCPA when it stated, on the call, that it was the creditor and originator of the alleged debt because it had been assigned to US Bank, N.A. (See id. ¶ 6.) Plaintiff further alleges that Fay Servicing violated Section 807 of the FDCPA when it sent mail correspondence on March 1, 2016, stating that the mortgage had been transferred to Fay Servicing. (See id. ¶ 7.) Additionally, Plaintiff contends that Fay Servicing is neither a creditor, lender, nor mortgagee, because Fay Servicing never provided credit or any services to Plaintiff. (See id. ¶ 8.)

Further, Plaintiff alleges that Fay Servicing furnished derogatory information on Plaintiff's consumer credit report. (See id. ¶ 18.) Additionally, Plaintiff alleges Fay Servicing illegally obtained access to Plaintiff's consumer credit reports. (See id.)

Based on these allegations, Plaintiff alleges that Fay Servicing violated the FDCPA, invaded Plaintiff's privacy, violated the UTPCPL, and is liable for Negligent Supervision.

## III. ARGUMENT

### A. Legal Standard Under Fed. R. Civ. 12(b)(6).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." A complaint must be dismissed if it does not contain "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." (Id. at 555.) Further, a complaint must contain more than unsupported legal conclusions. (Id.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (Id.) A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must plead more than the mere possibility of relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). If the complaint permits only an inference of the mere possibility of misconduct, it must be dismissed. Id. at 210–11.

### B. Plaintiff Improperly Attempts to Add an Additional Plaintiff and New Causes of Action.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the Court gave leave to Plaintiff to file an amended complaint for the purpose of alleging additional facts to support her FDCPA and FCRA claims. This was based on the Court's ruling that the Complaint failed to adequately provide a "short and plain statement of the claim," as required by Federal Rule of Civil Procedure 8(a), and because Fay Servicing would be unable to have fair notice of what the claims are and the grounds on which they rest. However, Plaintiff now attempts to add an additional plaintiff, as well as three (3) new causes of action. Freedom to amend is not without limit. See In re Eagle Enterprises, Inc., No. 98-11297 SR, 2001 WL 36260775, at *3 (Bankr. E.D. Pa. Mar. 23, 2001)(trial court denied plaintiff's attempt to add new parties and new causes of action).

Here, Plaintiff attempts to add her husband, as a plaintiff.  However, plaintiff fails to plead why Thomas Beaumont has a cause of action. Notably, Exhibits B and C to the Amended Complaint are a letter to, and a credit report of, Terri Beaumont only.

Further, Plaintiff attempts to add new causes of action for invasion of privacy, violation of the UTPCPL, and Negligent Supervision. However, as set forth below, Plaintiff's claims for invasion of privacy, violation of the UTPCPL, and for Negligent Supervision are preempted by the FCRA and barred by the economic loss doctrine.  Additionally, as to Plaintiff's UTPCPL claim, Plaintiff fails to plead what "deceptive conduct" Fay Servicing engaged in, and fails to plead any ascertainable loss.  Plaintiff further fails to plead her fraud claim with specificity as required by the federal rules.  As to Plaintiff's Negligent Supervision claim, Plaintiff has failed to allege how Fay Servicing's employees acted outside the scope of their employment, which employees allegedly acted outside the scope of their employment, and fails to plead what duty Fay Servicing had, or how Plaintiff was harmed.

Therefore, Thomas Beaumont should be stricken as a Plaintiff, and Counts II, III and IV of the Amended Complaint should be dismissed.

### C. The Complaint Fails to State an FDCPA Claim.

Count I fails as a matter of law because the FDCPA does not apply to Fay Servicing.  It is well-settled that the FDCPA applies only to "debt collectors," meaning those who engage in the collection of debts on behalf of others (*i.e.*, third-party debt collectors).  The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  The FDCPA specifically excludes from the definition of

"debt collector" a creditor collecting on a debt that the creditor originated. See 15 U.S.C. §§ 1692a(4) and 1692a(6)(F). Therefore, the Third Circuit has recognized that the FDCPA does not apply to creditors seeking to collect their own debts. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 403 (3d. Cir. 2000). "Creditors – as opposed to 'debt collectors' – generally are not subject to the FDCPA." Id. See also O'Connor v. First Alliance Home Mortg., 2012 WL 762351 at *3 (D.N.J. March 6, 2012) (dismissing FDCPA claim against originating creditor); and Levy-Tatum v. Navient, 2016 WL 75231, at *7 (E.D.Pa. January 7, 2016) (dismissing plaintiff's complaint which failed to include any factual assertions to establish that Navient is a debt collector within the meaning of the FDCPA).

Numerous courts, including this one, have held that mortgage lenders and mortgage servicing companies are generally not debt collectors under the FDCPA. See Owens v. JP Morgan Chase Bank, 2013 WL 2033149, at * 3-4 (W.D. Pa. May 14, 2013) ("when a mortgage-servicing company is servicing a current payment plan rather than demanding payment on a defaulted loan, the mortgage servicer is not subject to the FDCPA."), citing Conklin v. Purcell, Krug & Haller, 2007 WL 404047, at *5 (M.D.Pa. Feb.1, 2007). See also, Duraney v. Washington Mut. Bank F.A., 2008 WL 4204821, at *12 (W.D. Pa. Sept. 11, 2008); Scott v. Wells Fargo Home Mortgage, Inc., 326 F. Supp. 2d 709, 717-18 (E.D. Va.), aff'd. mem., 67 Fed. Appx. 238 (4th Cir. 2003) (mortgage lenders are not debt collectors); Oldroyd v. Associates Consumer Discount Co., 863 F. Supp. 237, 241 (E.D. Pa. 1994) (same); see also Spyer v. Navient Solutions, Inc., 2016 WL 1046789, *3 (D.N.J. March 15, 2016) (noting that the servicers of residential mortgages are not "debt collectors" under the FDCPA if the loan in question is not in default when acquired by the servicer); Jenkins v. BAC Home Loan Servicing, L.P., 822 F. Supp. 2d 1369, 1374 (M.D. Ga. 2011) ("[i]t is well-established that mortgage

servicers do not fall within the definition of debt collector"); Hennington v. Greenpoint Mortg. Funding, Inc., 2009 WL 1372961, at *6 (N.D. Ga. May 15, 2009) ("[i]t is well established that the FDCPA applies only to 'debt collectors' and not to creditors or mortgage servicers."); Humphrey v. Washington Mut. Bank, F.A., 2007 WL 1630639, at *2 (N.D. Ga. June 1, 2007); Somin v. Total Community Mgmt. Corp., 494 F. Supp. 2d 153, 160 (E.D.N.Y. 2007); Oates v. Wells Fargo Bank, N.A., 880 F. Supp. 2d 620, 626 (E.D. Pa. 2012) (noting plaintiff's agreement that claims against mortgage lender were not subject to FDCPA and consequently dismissing plaintiff's FDCPA claim).

This Court's decision in Owens is instructive. In Owens, the plaintiff alleged in only conclusory terms that the defendant mortgage servicer was a "debt collector" under the FDCPA. Owens, 2013 WL 2033149, at * 4. There were no allegations that the mortgage debt was in default at the time the defendant became the loan servicer. Id. Consequently, the Court concluded that the complaint failed to state a claim for violation of the FDCPA. Id., citing Taggart v. Wells Fargo Mortg. Inc., 2012 WL 4462787, at *4 (E.D.Pa. Sept. 27, 2012) (where plaintiff failed to allege that the mortgage was in default at the time the servicer obtained the servicing rights, the servicer was not a debt collector and the FDCPA was inapplicable); Jobe v. Bank of America, N.A., 2012 WL 7849939, at *7 (M.D.Pa. April 20, 2012) (plaintiff failed to allege that his mortgage was in default at the time the servicer obtained the servicing rights and pled the mortgage was current, therefore the FDCPA was inapplicable to servicer); Jones v. Select Portfolio Servicing, Inc., 2008 WL 1820935, at *7 (E.D.Pa. April 22, 2008) (plaintiff supplied "no allegation that the mortgage at issue was in default" at the time defendant obtained servicing rights, therefore the claim under the FDCPA was dismissed).

As in Owens, the Amended Complaint here does not establish that Fay Servicing was a "debt collector" subject to the FDCPA in connection with the activity at issue. Plaintiff has not pleaded any new facts to demonstrate that Fay Servicing was a debt collector by trade, and all of the factual allegations lead only to the conclusion that Fay Servicing was acting as a mortgage servicer. Rather, in her Amended Complaint, Plaintiff appears to assert that Fay Servicing has violated the FDCPA because it was attempting to collect a mortgage debt it was not actually servicing. However, the Amended Complaint pleads no facts that anyone else was servicing Plaintiff's mortgage, and in fact Plaintiff admits that she has an outstanding mortgage loan. Simply because Plaintiff did not believe that Fay Servicing was servicing her mortgage loan, does not make it not true.

Therefore, the Complaint fails to plead that the FDCPA applies, and Count I fails as a matter of law.

> **D. Plaintiff's Claims for Invasion of Privacy, Violation of the UTPCPL, and for Negligent Supervision Should be Dismissed Because they are Barred by the Fair Credit Reporting Act.**

This Court should dismiss Plaintiff's claims for invasion of privacy, violation of the UTPCPL, and for Negligent Supervision because the Plaintiff attempts to restyle her Fair Credit Reporting Act ("FCRA") claims, and they are pre-empted by the FCRA. 15 U.S.C. § 1681t(b)(1)(F) is a preemption provision in the FCRA that prohibits states from placing any requirements or prohibitions on the responsibilities of furnishers of information. 15 U.S.C. § 1681t(b)(1)(F) provides in pertinent part that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. § 1681s-2 establishes the requirements that a furnisher of

information must adhere to when the furnisher discloses information concerning consumers to a consumer credit reporting agency. In particular, § 1681s-2 controls:

- (i) a furnisher of information's duty to provide accurate information to consumer reporting agencies, § 1681s-2(a)(1);

- (ii) a furnisher's duty to correct and update information, § 1681s-2(a)(2);

- (iii) a furnisher's duty to provide notice of disputes, closed accounts and the delinquency of accounts, § 1681s-2(a)(3)-(5); and,

- 4. a furnisher's duties upon receiving notice of a dispute, § 1681s-2(b).

15 U.S.C. § 1681t(b)(1)(F) preempts state law causes of action brought by consumers against furnishers of information. See Purcell v. Universal Bank, N.A., No. Civ. A. 01-CV-2678, 2003 WL 1962376 at *5 (E.D. Pa. April 28, 2003) (J. Van Antwerpen); see also Agosta v. Inovision, Inc., No. Civ. A. 02-806, 2003 WL 22999213 at *8 (E.D. Pa. Dec. 16, 2003) (holding that FCRA preempted a consumer's claims for defamation, negligence, and invasion of privacy) (J. Davis); Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356, 362 (holding that § 1681t(b)(1)(F) preempted a consumer's UTPCPL claim against a bank) (C.J. Giles).[1] In Purcell, a consumer brought an action against several banks based on information that the banks supplied to consumer reporting agencies. Id. at *1. The consumer alleged several claims against the banks, including common law claims for negligence, defamation, and invasion of privacy. Id. The Court held that 15 U.S.C. § 1681t(b)(1)(F) preempted the common law defamation and invasion of privacy claims. Id. at *5. The Court stated that "[t]o the extent that Purcell's claims

---

[1] In Jaramillo, this Court dismissed a consumer's claims for defamation and violation of the UTPCPL stating that "it is clear from the face of section 1681t(b)(1)(F) that Congress wanted to eliminate all state causes of action 'relating to the responsibilities of persons who furnish information to consumer reporting agencies.'" On reconsideration, the Court reinstated the consumer's defamation claim with a one sentence order and no further explanation. Jaramillo v. Experian Info. Solutions, Inc., 2001 WL 1762626 (E.D. Pa. June 20, 2001) (C.J. Giles).

are based upon a reporting of a delinquency to consumer credit agencies, they are preempted by 15 U.S.C. §§ 1681s-2 and 1681t." Id. In reaching this conclusion, the Court reasoned that "any state law claims based upon reports to credit agencies are preempted in light of precedent as well as the plain language of 15 U.S.C. § 1681t(b)(1)(F)." Id.

Therefore, Plaintiff's claims for invasion of privacy, violation of the UTPCPL, and for Negligent Supervision, should be dismissed because these state law causes of action are preempted by 15 U.S.C. § 1681t(b)(1)(F).

### E. The Economic Loss Doctrine also bars Plaintiff's Claims for Invasion of Privacy, Violation of the UTPCPL, and for Negligent Supervision.

Under Pennsylvania law, the economic loss doctrine generally precludes plaintiffs from recovering in tort where their injury is just an economic loss. See 2-J Corp. v. Tice, 126 F.3d 539, 541 (3d Cir. 1997); Stein v. Fenestra Am., L.L.C., No. 09-5038, 2010 WL 816346 at *5-6 (E.D. Pa. Mar. 9, 2010). The economic loss doctrine also applies to claims under the UTPCPL. See Werwinski v. Ford Motor Co., 286 F.3d 661, 680-81 (3d Cir. 2002); Stein, 2010 WL 816346 at *5-6 (dismissing UTPCPL claim pursuant to the economic loss doctrine). The doctrine bars a UTPCPL claim when the claim is "inextricably intertwined" with or interdependent upon a contract. See Sarsfield v. Citimortgage, Inc., 707 F. Supp. 2d 546, 556-559 (M.D. Pa. 2010); see also Sanchez v. Feretti, No. 07-4255, 2008 WL 2517177 at *4 (E.D. Pa. Jun. 20, 2008).

In Sarsfield, the plaintiffs/borrowers asserted a UTPCPL claim against the defendant/mortgage lender. Id. In support of the claim, the plaintiffs alleged that the defendant violated the UTPCPL by failing to provide them prior to the closing with an accurate estimate of the property taxes they would be required to pay. Id. at 549-50. Specifically, the plaintiffs claimed that the defendant initially provided them with a preliminary estimate prior to the closing that stated that the taxes on the property would be $2,124.70 per year, but then after the

closing notified plaintiff that the taxes were actually $5,339.05 per year. Id. The plaintiffs alleged that as a result their monthly payment increased from the $3,053.37 per month the lender told them it would be to $3,878.24 per month, a number that the plaintiffs claimed they could not afford. Id.

The defendant moved to dismiss the UTPCPL claim on the ground that the economic loss doctrine barred the claim. Sarsfield, 707 F. Supp. 2d at 556. The court granted the defendant's motion, holding that the economic loss doctrine applied. Id. at 558-59. The court reasoned that the economic loss doctrine barred the claim because the claim was "interdependent with claims that could arise from the mortgage contract between the parties." Id. at 559. The court further held that it would "not permit Plaintiffs to amend their UTPCPL claim because amendment would be futile" since the "claim is inextricably tied in with the mortgage contract between the parties, a factor that the Third Circuit considered in Werwinski, and no amount of artful pleading will permit them to be separated." Id.

The result can be no different here. Plaintiff's UTPCPL claim seeks recovery for a purely economic loss, asserting that Fay Servicing harmed her when it contacted her , and improperly reported amounts due on her mortgage. Consequently, as in Sarsfield, Plaintiff's UTPCPL claim fails to sate a claim upon which relief could be granted, and the Court should dismiss it with prejudice. Plaintiff's negligent supervision claim is likewise barred by the economic loss doctrine. See IRPC, Inc. v. Hudson United Bancorp, No. 0474, 2002 WL 372945, at *4 (Pa. Com. Pl. Jan. 18, 2002).

Therefore, Plaintiff's claims for invasion of privacy, violation of the UTPCPL, and for Negligent Supervision should be dismissed because they are barred by the economic loss doctrine.

**F.     Plaintiff Fails to Plead a Legally Sufficient Claim For a Violation of The UTPCPL.**

In her new Count III, Plaintiff purports to rely on the catch-all provision of the UTPCPL, 73 P.S. § 201-2(4)(i)-(xxi), which renders it unlawful to "engage[e] in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding." See Toy v. Metropolitan Life Ins., 928 A.2d 186, 190 (Pa. 2007). However, in her Amended Complaint, Plaintiff merely alleges boilerplate allegations that Fay Servicing committed "deceptive acts, oppression [and] abusive debt collection activities" under the UTPCPL. (See Am. Compl. ¶ 24.) Therefore, Plaintiff has failed to meet the pleading requirements to show deceptive conduct under the UTPCPL. See Belmont v. MB Inv. Partners, Inc., No. 09–4951, 2010 WL 2348703, at *11 (E.D. Pa. June 10, 2010). Such a claim requires a showing of: (1) "deceptive conduct"; (2) ascertainable loss; (3) justifiable reliance; and (4) causation, *i.e.*, that the plaintiff's justifiable reliance proximately caused the harm alleged. Id. The Complaint here falls far short of the pleading requirements, as Plaintiff fails to identify anything fraudulent on the part of Fay Servicing. Further, the Plaintiff fails to plead an ascertainable loss.

Additionally, Plaintiff fails to plead the UTPCPL claim with particularity as required by Rule 9(b). In pleading fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To that end, a plaintiff must plead fraud with particularity so that defendants are placed on notice of the "precise misconduct with which they are charged, and to safeguard defendants against spurious charges" of fraud. In re Craftmatic Securities Litigation v. Kraftsow, 890 F.2d 628, 645 (3d Cir. 1989) (quoting Seville Industrial Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984), cert denied 469 U.S. 1211 (1985)). In order to satisfy the particularity requirements of Rule 9(b), plaintiffs must specify the time, place and substance of the defendant's alleged fraudulent conduct. U.S.

ex rel. LaCorte v. SmithKline Beecham Clinical Laboratories, Inc., 149 F.3d 227, 234 (3d Cir. 1998).

Therefore, Count III of the Amended Complaint should be dismissed for failure to state a claim.

### G. Plaintiff Also Fails to Plead a Legally Sufficient Claim For Negligent Supervision.

Pennsylvania law allows a claim against an employer for negligent supervision of an employee "where the employer fails to exercise ordinary care to prevent an intentional harm to a third-party which 1) is committed on the employer's premises by an employee acting outside the scope of his employment and 2) is reasonably foreseeable ." Mullen v. Topper's Salon & Health Spa, Inc., 99 F.Supp.2d 553, 556 (E.D.Pa.2000) (citing, inter alia, Dempsey v. Walso Bureau, 431 Pa. 562, 246 A.2d 418, 419-22 (1968); Restatement (Second) of Torts § 317 (1965)).

Here, Plaintiff has failed to allege that which employees, and how Fay Servicing's employees acted outside the scope of their employment. Further, to establish a cause of action in negligence, the plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff and the plaintiff suffered an actual loss or damage. See Brezenski v. World Truck Transfer, Inc., 755 A.2d 36, 40 (Pa. Super. Ct. 2000). However, Plaintiff has failed to plead what duty Fay Servicing had, or how Plaintiff was harmed.

Therefore, Count IV of the Amended Complaint should be dismissed for failure to state a claim.

## IV. CONCLUSION

Plaintiff's Amended Complaint fails to state a claim against Fay Servicing. Accordingly, the Court should dismiss the Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

*/s/ Michelle H. Badolato*
Andrew K. Stutzman, Esquire
Michelle H. Badolato, Esquire
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Phone: (215) 564-8000
E-mail: astutzman@stradley.com

*Attorneys for Defendant,*
*Fay Servicing, LLC*

Dated: July 22, 2016