IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRI L. BEAUMONT,

    Plaintiff,                             16cv0378
                                          ELECTRONICALLY FILED
        v.

FAY SERVICING,

    Defendant.

# **Memorandum Opinion**

**I.    Introduction**

This civil action brought by Plaintiffs, appearing *pro se*, alleges federal and state law claims stemming from calls Defendant allegedly made to wife-Plaintiff, which Plaintiffs contend violated their rights under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, among other things. On April 1, 2016, Wife-Plaintiff originally filed a two-count Complaint alleging violations of the Fair Debt Collection Practices Act (FDCPA), and the FCRA. In response, Defendant filed a Motion to Dismiss, which this Court granted on June 13, 2016, and provided Plaintiff until June 21, 2016 to file an Amended Complaint in compliance with the Federal Rules of Civil Procedure. Doc. No. 17. Plaintiff then sought additional time to file her Amended Complaint, which the Court granted. Doc. No. 20. On July 8, 2016, Plaintiffs filed an Amended Complaint wherein Plaintiff added her husband as a Plaintiff to the case, and added three new state claims of invasion of privacy, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), and a negligent supervision claim. Doc. No. 21. In the Amended Complaint, Plaintiffs dropped their Claim under the FDCPA.

Currently pending before this Court is Defendant's Motion to Dismiss the Amended Complaint (doc. no. 24) pursuant to Fed. R. Civ. P 12(b)(6), and Plaintiffs' Response thereto (doc. no. 27).

**II.     Facts**

In the Amended Complaint, Plaintiffs allege the following facts:

Defendant contacted Plaintiffs on December 8, 2015, via telephone and stated that Plaintiffs' mortgage had been assigned to Fay Servicing, and offered Plaintiff several options to pay the alleged debt.  Doc. No. 21 at ¶ 5.  Plaintiffs contend that Defendant failed, within five days of the initial call, to send Plaintiff a written debt validation notice.  Plaintiffs further allege that Defendant violated FDCPA (Section 807) when it stated, on the call, that it was the creditor and originator of the alleged debt because it had been assigned by US Bank, N.A.  Id. at ¶ 6.  Plaintiffs allege also that Defendant violated Section 807 of the FDCPA when it sent mail correspondence on March 1, 2016, stating that the mortgage had been transferred to Defendant.  Id. at ¶ 7.  Furthermore, Plaintiff contends that Defendant is neither a creditor, lender, nor mortgagee, because Defendant never provided credit or any services to Plaintiff.  Id. at ¶ 8  Plaintiffs also aver that Defendant furnished derogatory information on Plaintiff's consumer credit report, and Defendant illegally obtained access to Plaintiff's consumer credit report.  Id. at ¶ 18

**III.     Standard of Review**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading.  Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'"  *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler*, 578 F.3d at 210. "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and

3

where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

## IV. Discussion

At the outset, Defendant contends that the Court should dismiss this Amended Complaint because they added new Plaintiffs and three new causes of action. Under these circumstances, and in light of the fact that Plaintiffs are proceeding pro se, and this is the first Amended Complaint, the Court will not strike Plaintiff's Amended Complaint for this reason.

### A. First Cause of Action - FDCPA

In Plaintiffs' First Cause of Action, they allege that Defendant violated the FDCPA by harassing them, using unfair means to collect a debt, using false or misleading representation to collect a debt, and is therefore liable for $1000.00 plus punitive, consequential, and actual damages. Defendant counters and files the instant Motion to Dismiss wherein it argues that the FDCPA applies only to "debt collectors," meaning those who engage in the collection of debts on behalf of others. Indeed, 15 U.S.C. § 1692a(6), defines a "debt collector," as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA specifically excludes from the definition of "debt collector," a creditor collecting on a debt that the creditor originated. 15 U.S.C. § § 1692a(4) and 1692a(6)(F). The United States Court of Appeals for the Third Circuit has specifically noted that the FDCPA does not apply to creditors seeking to collect their own debts, by stating that "[c]reditors – as opposed

4

to 'debt collectors' – generally are not subject to the FDCPA.". *Pollice v. National Tax Funding*, L.P., 225 F.3d 379, 403 (3d Cir. 2000); *See also*, *Levy-Tatum v. Navient*, 2016 WL 75231, at *7 (E.D. Pa. January 7, 2016)(dismissing plaintiff's complaint which failed to include any factual assertions to establish that Navient is a debt collector under the FDCPA).

As Defendant has explained, and this Court's research has revealed, numerous trial courts, including within the Western District of Pennsylvania, have held that mortgage lenders and mortgage servicing companies are generally not considered debt collectors under the FDCPA. *See Owens v. JP Morgan Chase Bank*, 2013 WL 2033149, at *3-4 (W.D. Pa. May 14, 2013) . "When a mortgage-servicing company is servicing a current payment plan rather than demanding payment on a defaulted loan, the mortgage servicer is not subject to the FDCPA." *Id. quoting Ruff v. America's Servicing Company*, 2008 WL 1830182 (W.D. Pa 2008) (citing *Conklin v. Purcell, Krug & Haller*, 2007 WL 404047, at *5 (M.D.Pa. Feb.1, 2007)). *See also Duraney v. Washington Mut. Bank F.A.*, 2008 WL 4204821 at * 12 (W.D. Pa. Sept. 11, 2008) ("Because the statute defines debt collector as one who attempts to collects debts owed to another, it does not apply when a party . . . attempts to collect a debt that is owed to itself, that is, a creditor. In addition, a number of courts have held that mortgage lenders and mortgage servicing companies (including WAMU specifically) are not debt collectors under the FDCPA for attempting to collect their own debts.")

In the *Owens* case, like in the present case, Plaintiff alleged in conclusory terms that the Defendant was a "debt collector" under the FDCPA. Plaintiffs in their Amended Complaint, and their Response to the Motion to Dismiss contend that Defendant is, at best, an assignee who is attempting to collect on a "non-existent debt." Doc. No. 21 at ¶ 13. Plaintiffs then appear to argue in their Response that they were in default on their mortgage, presumably in an attempt for

the FDCPA claim to remain viable, despite the above language in the Amended Complaint. The Amended Complaint appears to assert that Defendant violated the FDCPA because it was attempting to collect a mortgage debt that it was not actually servicing. Therefore, the Amended Complaint, like the original Complaint, pleads no facts that anyone else was servicing Plaintiffs' mortgage and in fact Plaintiffs admit that they have an outstanding mortgage loan. Plaintiffs have not pled any debt that would fall under the protection of the FDCPA. For these reasons, Plaintiffs' claim under the FDCPA must be dismissed.[1]

### B. Remaining State Law Claims

Defendant argues that the remaining state law claims of violations of the UTPCPL, for Negligent Supervision and Invasion of Privacy should all be dismissed because the FCRA pre-empts these claims, and the FCRA claim has been dropped. Defendant is correct that 15 U.S.C. § 1681t(b)(1)(F) preempts state law causes of actions brought by consumers against furnishers of information ("[no requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies. . . .") In *Purcell v. Universal Bank, N.D.*, 2003 WL 1962376 at *5 (E.D. Pa. April 28, 2003), a consumer sued several banks alleging claims for negligence, defamation, and invasion of privacy, based upon alleged information that the banks supplied to reporting agencies. *Id.* at *1. The Court in *Purcell* held that § 1681t(b)(1)(F) preempted the common law defamation and invasion of

---

[1] A complaint may not be amended by the briefs in an opposition to a motion to dismiss. *Jamel Brockington v. C/O Wishenfsky,* No. 3:12-CV-482, 2016 WL 2736078, at *5 (M.D. Pa. May 11, 2016)(citing *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173(3d Cir. 1988)).

privacy claims , and that any state law claims based upon reports to credit agencies are preempted in light of precedent and under the plain language of § 1681t(b)(1)(F).[2]

Defendant also contends that the economic loss doctrine bars Plaintiffs' remaining state law claims and cites the persuasive case of *Sarsfield v. Citimortage, Inc.,* 707 F.Supp. 2d 546, 556-559 (M.D. Pa. 2010), among other cases, in support of that argument. In fact, Defendant is correct in its position as the economic loss doctrine provides that "no cause of action can be maintained in tort for negligence or strict liability where the only injury was 'economic loss' that is, loss that is neither physical injury nor damage to tangible property." *2-J Cor. V. Tice*, 126 F.3d 539, 541 (3d Cir. 1997)(citations omitted). Plaintiffs attempt to argue that the *Bilt-Rite* exception applies here. *Bilt-Rite Contractors v. The Architectural Studio*, 866 A.2d 270 (Pa 2005). *Bilt-Rite* does not apply to the situation herein, as the Court in *Bilt-Rite* simply carved out an exception to allow a commercial plaintiff to seek recourse from an "expert supplier of information," with whom the Plaintiff had no contractual relationship. *See Sovereign Bank v. BJ's Wholesale Club, Inc.,* 533 F.3d 162 (3d Cir. 2008).

---

[2] Moreover, in Plaintiffs' new cause of action under the UTPCPL, they rely upon a catch-all provision of the UTPCPL, which renders it unlawful to "engage in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding." Plaintiffs Amended Complaint however, merely alleges boilerplate allegations that Defendant committed "deceptive acts, oppression [and] abusive debt collection activities." Doc. No. 21 at ¶ 24. Plaintiffs have failed to meet the pleading requirements to show deceptive conduct under the UPTCPL, and have failed to adequately allege fraud, which requires the party pleading fraud to state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b).

After having provided an additional opportunity for Plaintiffs to properly plead their causes of action, the Amended Complaint suffers from the same defects as the original Complaint. The Court will **GRANT** Defendant's Motion to Dismiss (doc. no. 24) for failure to state a claim upon which relief may be granted.[3] An appropriate Order follows.

**SO ORDERED** this 9th day of August, 2016.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ecf-registered counsel of record

TERRI L. BEAUMONT/THOMAS W. BEAUMONT
PO Box 4
Darlington, PA 16115

---

[3] Plaintiffs do not seek another opportunity to Amend their Complaint, and amendment would be futile.